THIS was an action on the case by the plaintiff, William T. Croasdale, against Joseph R. Tantum for the same libel sued on in the preceding case of Croasdale v. Bright, p. 52. The declaration set forth the libel in the same words, the only plea was not guilty, and the proof was that the defendant, Tantum, both wrote and published it in the Delaware Republican and the Delaware Gazette, as it appeared in each of those newspapers, and that the plaintiff was then the editor of the newspaper named the Every Evening,
published in Wilmington. The defendant produced no evidence.
The Court,
It is proved that the alleged libel set forth in the declaration in this case and read in evidence before you, was published by the defendant as alleged in the declaration, and as the only plea to the declaration is the general issue or the plea of not guilty, the only questions to be considered and determined in the case are first, whether the publication was libellous in law, and if so, secondly, whether it was maliciously published by the defendant? And if it was, then, thirdly, what was the extent of the injury done by it to the plaintiff, and what amount of pecuniary compensation, or of damages is he entitled to for it under the circumstances, in your estimation?
It has been uniformly held in this State in like cases, that the first is a question for the consideration and determination of the court, that the court is to judge and decide on the inspection of the publication complained of whether it is libellous or not in law and have in general terms as uniformly defined a libel in law to be a malicious publication in printing, writing, signs or pictures imputing to another something which has a tendency to injure his reputation, to disgrace or degrade him in society, lower him in the esteem and opinion of the world, or bring him into public hatred, contempt or ridicule. Rice v. Simmons, 2 Harr., 417 *Page 62 
Langton v. Harris, 3 Harr., 406; State v. Jeandell Vincent, 5 Harr., 475. And such we consider to be the character and tendency of the publication in this case, for such an imputation as is cast upon the plaintiff, as the editor of the Every Evening andCommercial, in the first paragraph of it, clearly constitutes a libel in law in our opinoin, to say nothing of other portions of it. In the next place was it malicious, which is a question solely for the consideration and decision of the jury, and to constitute it a libel and entitle the plaintiff to recover in the action the jury must be satisfied that it was maliciously published by the defendant; and this depends upon the intent with which it was done by him, which is to be gathered from the circumstances attending the publication, and if from them it satisfactorily appears that the intent was to injure the reputation of the plaintiff and resent and revenge publications made by him in the Every Evening against the insurance company of which the defendant was a member and an officer, the jury would be warranted in concluding that the intent of it was malicious. But if the attending circumstances prove nothing one way or the other as to the intent, then it must be gathered from the paper itself, and if that is libellous, if it tends to villify, defame and injure the plaintiff, the inference of law, as well as of common sense is that such was the intention, and the publication is therefore taken to be malicious. Layton v. Harris, 3 Harr., 407. If you are satisfied the publication was malicious, your verdict should be for the plaintiff for such an amount of damages as the jury, according to their sound discretion, duly weighing all the circumstances of the case, and considering the state, degree, quality, trade or profession, as well of the plaintiff as of the defendant, shall believe to be a pecuniary compensation and satisfaction to the plaintiff commensurate with the injury done to him by the publication of it. Coffin v. Coffin,4 Mass., 42. It has been ruled in the Court of King's Bench, before the era of our independence, in regard to damages in an action for defamation and injury to reputation, that of all the cases left to a jury, none is more emphatically left to their discretion than such a case. Gilbert v. Burtenshaw, Cowp., 231. If, however, the jury should *Page 63 
not be satisfied that the publication was malicious, their verdict should be for the defendant.
The plaintiff had a verdict for one hundred and nine dollars and twenty-six cents.